UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

-v-                                    No. 06 Civ. 6483 (LTS)

FREDERICK O'MEALLY,

          Defendant.

-------------------------------------------------------x

## ORDER

        Plaintiff Securities and Exchange Commission (the "SEC") has moved to exclude as inadmissible hearsay the prior testimony of three categories of witnesses. These categories are (1) ten witnesses deposed in the instant matter in 2008; (2) two witnesses from a 2006 arbitration proceeding of the National Association of Securities Dealers that was brought against Defendant's former employers concerning Defendant's termination; and (3) thirteen witnesses who testified between 2003 and 2005 during Plaintiff's investigation that proceeded the filing of this action. No party has proffered that any of these witnesses will be unavailable to testify at trial. Plaintiff was not a party to the 2006 arbitration. For the following reasons, Plaintiff's motion is granted with respect to the witnesses who testified at the 2006 arbitration proceedings and is denied in all other respects.

        Generally, hearsay testimony is not admissible as evidence. Fed. R. Evid. 803(a). However, this prohibition against hearsay does not exclude prior testimony if (a) the declarant is unavailable as a witness and (b) the prior testimony was given at a proceeding where "the party

against whom the testimony is now offered or, in a civil proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Here, the testimony of the two witnesses from the 2006 arbitration proceeding is inadmissible because the SEC was not a party to that proceeding and, thus, did not have an opportunity to develop the witnesses' testimony. Defendant's argument that the Defendant's former employers were predecessors in interest of the SEC is unavailing. Although the SEC's motives overlap with those of Defendant's former employers insofar as the SEC is attempting to demonstrate that Defendant engaged in misconduct, the SEC's motives are otherwise significantly dissimilar. At the arbitration, Defendant's former employers were trying, from a defensive position, to justify and support their decision to terminate the Defendant. In the instant matter, by contrast, the SEC, as a plaintiff, seeks to enforce the nation's securities laws. Because neither the SEC nor a predecessor in interest with similar motives was present at the 2006 arbitration proceeding, Plaintiff's motion to exclude testimony taken at that proceeding, insofar as it is offered for the truth of the matter asserted, is granted.

Plaintiff's motion is denied in all other respects without prejudice to renewal if and when Defendant seeks to proffer prior testimony predicated upon the unavailability of a particular witness or witnesses.

SO ORDERED.

Dated: New York, New York
October 21, 2011

LAURA TAYLOR SWAIN
United States District Judge