UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

  -v-                                                      No.  06 Civ. 6483 (LTS)

FREDERICK O'MEALLY,

       Defendant.

-------------------------------------------------------x

## ORDER

       Defendant Frederick O'Meally ("Defendant ") seeks an order staying the execution of the Court's March 11, 2013, Final Judgment, which requires Defendant to pay a total financial penalty of $763,237.55 to the Securities and Exchange Commission, during the pendency of his appeal to the United States Court of Appeals for the Second Circuit.  The Court has received and reviewed carefully the parties' submissions.  Defendant's motion to stay the Court's Final Judgment while his appeal in the Second Circuit remains pending is granted.

       In determining whether a stay while an appeal is pending is appropriate, the court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." Id. (internal quotation

marks and citation omitted).  However, the court's power to issue a stay pending appeal is "inherent," part of a court's "traditional equipment for the administration of justice." Nken v. Holder, 556 U.S. 418, 426-27 (2009) (internal quotation marks and citations omitted).  "While [Federal Rule of Civil Procedure] 62 outlines the mechanism for how a stay may be obtained while an appeal is pending, it does not limit the district court's inherent power to issue a stay . . ." and "[w]hether to grant a stay without a supersedeas bond is a matter that remains within [the] Court's sound discretion." Hizam v. Clinton, No. 11 Civ. 7693(JCF), 2012 WL 4220498, at *2 (S.D.N.Y. Sept. 20, 2012) (internal quotation marks and citation omitted).

Defendant has submitted a Declaration attesting that he does not have the financial means to secure a supersedeas bond and that he lacks liquid assets sufficient to pay the Final Judgment, such that execution on the bond will likely involve liens on his home and other measures.  The Court finds that, under these circumstances and in light of the limited likely impact of delayed execution on the efficacy of the civil penalty, staying the execution of the Final Judgment pending the resolution of the appeal is appropriate.  Accordingly, Defendant's motion is granted.  This Order resolves docket entry number 236.

SO ORDERED.

Dated: New York, New York
April 18, 2013

/S
LAURA TAYLOR SWAIN
United States District Judge